FANNY LAWLER *vs.* NORTHAMPTON GAS LIGHT COMPANY.

In an action by an infant child to recover for personal injuries occasioned by the defendants'
pushing a railroad car upon her while she was in a highway along which the railroad
track was laid, as she contended, no exception lies to a refusal by the judge to instruct
the jury that, if these facts were true, the defendants, by obstructing the highway with
the car, were making an unlawful use thereof, and were liable for any injury to her aris-
ing from such unlawful use, if the railroad track was not placed there by the defendants,
and it is not proved that the highway was in fact obstructed by moving the car upon it;
or to an instruction by the judge that the jury were not required to determine whether
or not there was an existing highway there.

THE plaintiff, a child one year and seven months old, brought
this action of tort, by her next friend, against the defendants,
a corporation, to recover for personal injuries occasioned by
their servants' pushing a railroad car upon her, and over her
left foot and ankle.

At the trial in the superior court, before *Rockwell,* J., it ap-
peared that the defendants were in the use of the Hampshire
and Hampden Railroad, under an agreement, and two cars
loaded with coal were delivered to them by the railroad com-
pany upon a turn-out track in Northampton, and the servants of
the defendants pushed one of them by hand to their coal-house,

unloaded it, and pushed it further up on the track to a place nearly opposite to the house of the plaintiff's father, and left it there, and pushed up the other car in the same way, and against the standing car, which was thus thrown forward, and the plaintiff, who was on the track forward of the standing car, was run over by it, and injured in the manner described.

The plaintiff introduced evidence tending to prove that the place where the injury was received was a highway, and that the railroad track was laid in the highway for some distance there. There was also some evidence of the circumstances under which the child got upon the track, and the judge gave to the jury instructions, which were not excepted to, upon the question of the care to be exercised by the plaintiff. The plaintiff's counsel then requested the further instruction that, if the place where the injury was received was a highway, and the railroad track was laid in the highway for some distance there, the defendants, by obstructing the highway with the car, were making an unlawful use thereof, and were liable to the plaintiff for any injury to her arising from such unlawful use; but the judge declined so to rule, and instructed the jury that the plaintiff was not entitled to recover, unless they were satisfied that the defendants' servants were not in the exercise of such care as prudent men might reasonably be expected to use, in their management of the cars at the time of the accident, and that the jury were not required to determine the question whether or not there was an existing highway there.

The jury found a verdict for the defendants, and the plaintiff alleged exceptions.

*W. Allen, Jr.,* for the plaintiff.

*S. T. Spaulding,* for the defendants.

HOAR, J. The instruction to the jury which the plaintiff asked at the trial was rightly refused, because it assumed as a matter of law what does not appear to have been true, even as a matter of fact. The facts reported do not show that it was proved, and the court were not called upon to decide, that " the defendants, by obstructing the highway with the car, were making an unlawful use thereof." If a railroad track were unlawfully laid

along or across a highway, it would not follow that moving a car upon it was an obstruction of the highway, or an unlawful act. The track was not placed there by the defendants.

The instructions given by the court in relation to the degree of care required of the plaintiff, and as to the care which the defendants were bound to exercise, under the circumstances shown by the evidence, were carefully guarded, and not prejudicial to the plaintiff. But she now objects to the direction given to the jury, " that they were not required to determine whether or not there was an existing highway there, as claimed" by her, because she contends that the kind and degree of care which the defendants were bound to exercise would be different in the one case from the other. It is true that what is reasonable care must depend upon the peculiar circumstances of the case, and that sometimes that would not be reasonable care in respect to the use of a highway, which would be sufficient elsewhere. But it is evident, in the case at bar, that the question whether a highway did or did not exist at the place where the accident occurred, had nothing to do with the issue before the jury. The plaintiff was not employed in abating a nuisance, or asserting a right. Her tender age made her incapable even of understanding the difference between a way and any other territory. She was not using it as a way. And, on the other hand, the defendants were not responsible for the existence of the railroad at that place, or for its encroachment upon the rights of the public, if its location were unlawful. All the facts and circumstances relating to its actual condition, construction and use were laid before the jury, and the defendants were held responsible for so much care as those facts and circumstances required. It was shown to be a travelled place, and whether it were originally a highway, town way or private way, seems to us to have been immaterial.      *Exceptions overruled.*